# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2012

No. 11-41306
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM ALEXANDER ACEVEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-727-1

Before JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:*

William Alexander Acevedo pleaded guilty to illegally reentering the United States after removal following a felony conviction, and he was sentenced within the advisory guideline range to 21 months of imprisonment. He contends that the district court's explanation of the sentence was inadequate and that the sentence was substantively unreasonable.

Because he did not object on this basis in the district court, we review for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361-64 (5th

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Acevedo must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The sentencing transcript reveals that the sentencing judge reviewed the presentence report, listened to the parties' sentencing arguments, expressed concern about Acevedo's criminal history, and stated that it had considered the § 3553(a) factors, yet refused to depart below the guideline range or sentence Acevedo to less than 21 months of imprisonment. Thus, the district court's statement of reasons for the sentence was adequate. *See Rita v. United States*, 551 U.S. 338, 359 (2007); *United States v. Gomez-Herrera*, 523 F.3d 554, 564-65 (5th Cir. 2008).

To the extent that Acevedo contends that the district court denied his motion for a downward departure under Application Note 8 to U.S.S.G. § 2L1.2 based on cultural assimilation, we lack jurisdiction to review his claim. *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). In addition, we afford Acevedo's within-guidelines sentence a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Even where the plain error standard does not apply to the substantive reasonableness of a sentence, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Acevedo cannot show that his within-guidelines sentence was substantively unreasonable under the more exacting plain error standard. *See Puckett*, 556 U.S. at 135.

AFFIRMED.